# In the United States District Court for the Southern District of Georgia Brunswick Division

```
UNITED STATES OF AMERICA,    )
                             )
     v.                      )
                             )     2:21-CR-018
LARISA KHARITON, and         )
EDUCATIONAL WORLD, INC.,     )
                             )
     Defendants.             )
```

### ORDER

This action is before the Court on Defendants' joint consent motion for permission to participate in the sentencing hearings by electronic means. Dkt. No. 494. For the reasons given below, the motion is **GRANTED in part** and **DENIED in part**.

### BACKGROUND

Defendants Educational World, Inc. ("Educational World") and Larisa Khariton plead guilty to conspiracy to defraud and commit offenses against the United States in violation of 18 U.S.C. § 371. Dkt. No. 227; Dkt. No. 179. Defendant Khariton is the president and only officer of Educational World. Dkt. No. 166.

Defendants voluntarily reported to the United States Marshals at the United States Federal Courthouse in Tampa, Florida for their Rule 5 and 5.1 hearings in 2021. Dkt. No. 494 ¶ 1; Dkt. No. 166. Due to the COVID-19 pandemic, Defendants participated in an

electronic arraignment, and Defendant Khariton participated in an electronic Garcia hearing. Dkt. No. 494 ¶¶ 2-3; Dkt. No. 166.

Defendants are scheduled for sentencing at the United States Federal Courthouse in Brunswick, Georgia, on June 29, 2023. Dkt. No. 494 ¶ 4. They filed a Joint Consent Motion for Permission to Participate in the Sentencing Hearings by Electronic Means. See generally id. The Government does not oppose this motion. Id. ¶ 8.

In support of the motion, Defendant Khariton notes that she is "75 years old and suffers from post-polio syndrome," "acute muscle weakness," and "joint pain" and "relies on a wheelchair for mobility." Id. ¶ 6(a); Dkt. No. 494-1 at 2 (doctor's note stating that Defendant Khariton "has poor mobility due to peripheral edema and is wheelchair bound"). Defendant Khariton "resides in North Point, Florida which is approximately 342 miles from [the Brunswick] Courthouse." Dkt. No. 494 ¶ 6(b). According to Defendant Khariton, "[t]ravel time to appear in person would be approximately 10 hours and 30 minutes," and she "is unable to operate a motor vehicle." Id. Defendant Khariton previously paid $620 to travel to the Tampa airport for a meeting related to this case. Id.; Dkt. No. 494-1 at 4 (receipt for $620).

## DISCUSSION

I. **The motion is DENIED as to Defendant Khariton.**

The Court is sympathetic to Defendant Khariton's difficult situation, and it recognizes that the motion is unopposed. However,

2

the text, context, precedent, and history of Rule 43 mandate that Defendant Khariton may not participate in her sentencing electronically.

Federal Rule of Criminal Procedure 43(a) states: "unless this rule, Rule 5, or Rule 10 provides otherwise, the defendant must be present at: . . . sentencing." Rule 5 and Rule 10 govern a defendant's initial appearance and arraignment, respectively. Courts have understood Rule 43(a) to require a defendant's physical presence. See, e.g., United States v. Lawrence, 248 F.3d 300, 303–04 (4th Cir. 2001) (explaining that the text, context, and structure of Rule 43 supports that "presence mean[s] physical presence"); United States v. Navarro, 169 F.3d 228, 235-39 (5th Cir. 1999) (finding that the text and context of Rule 43(a), as well as "[t]he context of the rest of Rule 43[,] support[] the interpretation that 'presence' means a defendant's physical presence in court."); United States v. Torres-Palma, 290 F.3d 1244, 1245-48 (10th Cir. 2002) ("[W]e find ourselves unable to reach any conclusion other than the word, 'present,' in the context of Rule 43, means the defendant must be physically present before the sentencing court."); United States v. Wright, 342 F. Supp. 2d 1068, 1069 (M.D. Ala. 2004) ("Several appellate courts have held that the term 'present' means physical presence in the same location as the judge (that is, a defendant must be physically in the courtroom)."); cf. Fed. R. Crim. P. 43(b)(2) (permitting

3

"sentencing to occur by video teleconferencing" in certain circumstances). These courts' interpretations are sound. Thus, Defendant Khariton must be physically present at sentencing unless Rule 43 provides otherwise.

Subsection (b) of Rule 43 delineates several circumstances where "[a] defendant need not be present." An organizational defendant and a defendant in a misdemeanor case—facing an "offense [that] is punishable by fine or by imprisonment for not more than one year, or both"—need not be present under certain conditions. Rule 43(b)(1)–(2). Subsection (b) also excuses a defendant's presence at a proceeding that "involves only a conference or hearing on a question of law" or "the correction or reduction of [a] sentence." Id. (b)(3)–(4). Here, Defendant Khariton is being sentenced, and her offense is punishable by imprisonment for greater than one year. Dkt. No. 285 at 17 ("The maximum term of imprisonment is five years. . . . Based upon a total offense level of 20 and a criminal history category of I, the guideline imprisonment range is 33 to 41 months."). Thus, none of Rule 43(b)'s exception apply to Defendant Khariton.

Subsection (c) permits "waiv[er of] continued presence" in certain circumstances. It provides:

> (1) *In General.* A defendant who was initially present at trial, or who had pleaded guilty or nolo contendere, waives the right to be present under the following circumstances:

4

    a. when the defendant is voluntarily absent after the trial has begun, regardless of whether the court informed the defendant of an obligation to remain during trial;

    b. in a noncapital case, when the defendant is voluntarily absent during sentencing; or

    c. when the court warns the defendant that it will remove the defendant from the courtroom for disruptive behavior, but the defendant persists in conduct that justifies removal from the courtroom.

(2) *Waiver's Effect.* If the defendant waives the right to be present, the trial may proceed to completion, including the verdict's return and sentencing, during the defendant's absence.

In this case, Defendant Khariton has plead guilty to a noncapital crime. Cf. Rule 43(c)(1)(b). However, a desire to participate electronically does not qualify as a situation "when the defendant is voluntarily absent during sentencing" under Rule 43(c)(1)(b).

To begin, the plain and ordinary meaning of the word "absent" refers to a situation where a person or thing is "not present or not attending" or is "elsewhere," "missing," or "away." Absent, Mariam-Webster's Unabridged Dictionary (2023); see also Absent, Oxford English Dictionary (2023) ("Not present in a place or at an occasion; away."). An "absent" defendant in Rule 43(c)(2)(b) could refer either to the absence of her physical presence only or her absence both physically and through any other means of attending, including electronically.

Rule 43(b)(2) clarifies the meaning of "absent" in Rule 43(c).

5

Subsection (b)(2) explicitly mentions "video teleconferencing," stating that a defendant need not be present where "[t]he offense is punishable by fine or by imprisonment for not more than one year, or both, and with the defendant's written consent, the court permits arraignment, plea, trial, and sentencing to occur by video teleconferencing *or* in the defendant's absence." Rule 42(b)(2) (emphasis added). The disjunctive "or" demonstrates that a defendant's use of video teleconferencing is considered something distinct from a defendant's absence. Thus, "absent" refers to both physical and electronic absence. Subsection (b)(2) also demonstrates that the Advisory Committee knows how to explicitly mention video teleconferencing when it intends to do so. Had the committee intended subsection (c)(1)(b) to allow video teleconferencing, it would have said so. Thus, Defendant Khariton's request for electronic sentencing does not qualify under the written exceptions to Rule 43(a)(3)'s requirement that she be physically present for her sentencing.

The Advisory Committee's note to the 2011 Amendment, which included subsection (b)(2), supports this conclusion because it emphasizes the continued importance of physical presence when a defendant can conceivably attend sentencing. The Committee explained:

> The Committee reiterates the concerns expressed in the 2002 Committee Notes to Rules 5 and 10, when those rules were amended to permit video teleconferencing. The

6

> Committee recognized the intangible benefits and impact of requiring a defendant to appear before a federal judicial officer in a federal courtroom, and what is lost when virtual presence is substituted for actual presence. These concerns are particularly heightened when a defendant is not present for the determination of guilt and sentencing. However, the Committee concluded that the use of video teleconferencing may be valuable in circumstances where the defendant would otherwise be unable to attend and the rule now authorizes proceedings in absentia.

Fed. R. Crim. P. 43(b), advisory committee's note to the 2011 amendments.

The other provisions of Rule 43(c)(1) also support the conclusion that subsection (c)(1)(B) does not apply to electronic sentencing. Subsection (c)(1)(A) applies "when the defendant is voluntarily absent after the trial has begun, regardless of whether the court informed the defendant of an obligation to remain during trial." Under Rule 43(a), a "defendant must be present at . . . every trial stage, including jury impanelment and the return of the verdict" unless an exception applies. Thus, Rule 43(c)(1)(A) applies when a defendant disobeys Rule 43(a)'s mandate. Similarly, subsection (c)(1)(C) applies "when the court warns the defendant that it will remove the defendant from the courtroom for disruptive behavior, but the defendant persists in conduct that justifies removal from the courtroom." As with subsection (c)(1)(A), (c)(1)(C) applies in response to a defendant's misconduct, specifically when the court must remove a defendant from the

courtroom. Rather than presenting a defendant with the *option* to be absent, Rule 43(c)(1) applies as both a punishment for culpable behavior—because the defendant loses the recognized benefits of her presence at key proceedings—and as a means for the court to proceed despite the defendant's behavior. Under the interpretive principle *noscitur a sociis*, a similar meaning should apply to subsection (c)(1)(B). As a result, interpreting subsection (c)(1)(B) to apply to situations where the defendant has—in violation of subsection (a)(1)—failed to physically attend his sentencing hearing is consistent with Rule 43(c)(1)'s other subsections.

This interpretation is further bolstered by the Advisory Committee's notes. The Federal Rules of Criminal Procedure were amended in 1995 to "make clear that a defendant who, initially present at trial or who has entered a plea of guilty or nolo contendere, but who voluntarily flees before sentencing, may nonetheless be sentenced in absentia." Fed. R. Crim. P. 43, advisory committee's note to the 1995 amendment. The Advisory Committee explained:

> The right to be present at court, although important, is not absolute. The caselaw, and practice in many jurisdictions, supports the proposition that the right to be present at trial may be waived through, inter alia, the act of fleeing. See generally Crosby v. United States, 506 U.S. 255 (1993). The amendment extends only to noncapital cases and applies only where the defendant is voluntarily absent after the trial has commenced or

>where the defendant has entered a plea of guilty or nolo contendere. The Committee envisions that defense counsel will continue to represent the interests of the defendant at sentencing.

Id. This note indicates that the Advisory Committee viewed Rule 43(c) as a mechanism for continuing trial and sentencing after a culpable act of the defendant would have otherwise jeopardized case progression, rather than a mechanism for a defendant to waive her presence for ease or preference.

Precedent, both binding and persuasive, supports that Defendant Khariton must attend sentencing in person under Rule 43(a) and explains when a defendant may voluntarily waive the Rule 43(a) presence requirement. The Fifth Circuit has held, in binding precedent, that Rule 43 does not provide a generally waivable right to be present at sentencing. United States v. Brown, 456 F.2d 1112, 1114 (5th Cir. 1972). Instead, it mandates that "a defendant *must* be present at sentencing." Id.; Fed. R. Crim. P. 43(a) ("Unless this rule, Rule 5, or Rule 10 provides otherwise, the defendant *must* be present at: (1) the initial appearance, the initial arraignment, and the plea; (2) every trial stage, including jury empanelment and the return of the verdict; and (3) sentencing." (emphasis added)); see also Navarro, 169 F.3d at 239 ("There is a gravity to the sentencing process because the defendant will be deprived, possibly indefinitely, of his liberty. Sentencing a defendant by video conferencing creates the risk of a disconnect

9

that can occur because '[t]he immediacy of a living person is lost.'" (citation omitted)); United States v. Williams, 641 F.3d 758, 764–65 (6th Cir. 2011) ("Being physically present in the same room with another has certain intangible and difficult to articulate effects that are wholly absent when communicating by video conference."). As a result, "[o]nly in the most extraordinary circumstances, and where it would otherwise work an injustice, should a court sentence a defendant *in absentia,* and then only under appropriate safeguards, as where the defendant has expressly waived his right to be present either by sworn affidavit or in open court for the record." Brown, 456 F.2d at 1114 (citing United States v. Boykin, 222 F. Supp. 398, 398 (D. Md. 1963) (permitting a defendant to waive presence at sentencing where he was hospitalized and his doctors advised that "it would be extremely dangerous to [his] health for [him] to leave the hospital to attend the sentencing proceedings," but noting that "[w]ithout question the spirit, if not the letter of [Rule 43] requires that ordinarily the defendant should be present when sentence is imposed, except in the cases specially provided for in Rule 43")).

The Eleventh Circuit later applied a "good cause" standard to Rule 43(a)'s presence requirement. In re United States, 784 F.2d 1062, 1062–64 (11th Cir. 1986). In In re United States, id. at 1062, "counsel for the defendants appeared in the federal district court for the Southern District of Florida, and informed the

district judge that the defendants waived appearance at their arraignment." "[T]he district court, over the objection of counsel for the government, accepted the pleas and the waiver of presence." Id. On appeal, the Eleventh Circuit reaffirmed that Rule 43(a)'s "language is clear; the rule does not establish the right of a defendant to be present, but rather affirmatively requires presence." Id. at 1062–63. The Court then examined whether the defendants presented "good cause for absenting themselves from arraignment." Id. at 1063–64. It found that the defendants had not done so because they sought to waive presence to avoid possible extradition for unrelated state charges.[1]

In a case extremely similar to this one, the Middle District of Alabama applied this "good cause" standard to determine whether a defendant could proceed electronically. Wright, 342 F. Supp. 2d at 1068. In Wright, the defendant sought to hold her sentencing by video conferencing. Id. at 1069. The court examined Rule 43's requirements, explaining that,

> There is no reason to assume that a defendant's presence at sentencing is any less crucial than her presence at arraignment; indeed, because of Rule 32's allocution

---

[1] Brown and In re United States survive Rule 43's subsequent amendments because exceptions to the presence requirement existed at the time they were decided, and their rationales apply with the same force to the current rule. See Fed. R. Crim. P. 43, advisory committee's notes to the 1944, 974, 1995, 1998, and 2011 amendments. Even if Brown and In re United States did not survive Rule 43's subsequent amendments, the outcome of this case remains the same because Defendant Khariton does not qualify under any of Rule 43's written exceptions.

11

requirement, it could be argued that presence is more crucial at sentencing. In any event, "good cause" must be shown when a defendant seeks to waive her presence at sentencing.

Id. at 1070. The court also noted that

Several appellate courts have held that the term "present" means physical presence in the same location as the judge (that is, a defendant must be physically in the courtroom) and that, as a result, video-conferencing does not satisfy Rule 43's requirement of presence. Thus, Rule 43's presence requirement cannot be dispensed with simply because "video conferencing is widely used, . . . is beneficial because it increases productivity by reducing travel time, and . . . is less costly and more safe than transporting prisoners."

Id. (alterations in original) (first citing Torres-Palma, 290 F.3d at 1248; then citing Lawrence, 248 F.3d at 303-04; and then citing and quoting Navarro, 169 F.3d at 235-39).[2]

Like Defendant Khariton, the Wright defendant suffered from a variety of medical ailments, although the Wright defendant's ailments were arguably even more severe than Defendant Khariton's

---

[2] Other courts have held similarly. See, e.g., United States v. Bethea, 888 F.3d 864, 867 (7th Cir. 2018) ("We thus hold that the plain language of Rule 43 requires all parties to be present for a defendant's plea and that a defendant cannot consent to a plea via videoconference."); Williams, 641 F.3d at 764 ("[W]e agree that a district court may not conduct a sentencing hearing by video conferencing. The text of Rule 43 does not allow video conferencing. The structure of the Rule does not support it.").

ailments. "[I]t [was] undisputed that the [Wright] defendant . . . suffer[ed] from a variety of medical ailments, ranging from diabetes to congenital heart failure to asthma." Id. The Wright defendant's medical summary stated that she was "medically capable to stand trial but w[ould] require supplemental oxygen at night and to continue her medications as prescribed" and "direct travel back to [the c]ourt for sentencing and housing in a facility capable of providing supplemental oxygen at night and routine access to twenty-four hour a day medical care." Id. As in this case, the Wright defendant's motion was unopposed. Id.

The court denied the defendant's motion for lack of good cause. Id. It reasoned that, "[w]hile danger to one's medical health would clearly constitute 'good cause' justifying a defendant's absence from sentencing, [the defendant] . . . failed to provide any evidence that the conditions surrounding her sentencing would endanger her medical health." Id. (citing In re United States, 784 F.2d at 1063). "In particular, [her] own evidence indicate[d] that the facilities available . . . [were] adequate to provide for her needs and that she [could] be transported to and from sentencing within the medically required 72-hour time frame." Id.

Like the Wright defendant, Defendant Khariton has not shown that attending the sentencing would place her health at risk. Thus, she has not shown "good cause," and this is not one of "the most

13

extraordinary circumstances" where waiver of presence should be permitted. In re United States, 784 F.2d at 1062; Brown, 456 F.2d at 1114; see also Boykin, 222 F. Supp. at 398 (permitting a defendant to waive presence at sentencing where he was hospitalized and his doctors advised that "it would be extremely dangerous to [his] health for [him] to leave the hospital to attend the sentencing proceedings"). Therefore, while the Court sympathizes with the very real struggles Defendant Khariton will face to attend her sentencing hearing in person, Defendants' motion to participate in the sentencing hearing by electronic means, dkt. no. 494, is **DENIED** as to Defendant Khariton. The motion is, however, **DENIED without prejudice**. If Defendant can supplement the record with sufficient proof to satisfy the "good cause" standard as set forth herein, the Court will revisit this conclusion.

## II.  Defendant Educational World

Rule 43(b)(1) states that "[a] defendant need not be present [when] . . . [t]he defendant is an organization represented by counsel who is present." Because Defendant Educational world is an organization represented by counsel, it need not be present so long as its counsel is present. Therefore, the Court **GRANTS** Defendants' motion, dkt. no. 494, as to Educational World so long as its counsel is present. The Court recognizes that, because Defendant Khariton is the president and only officer of Educational World, an electronic sentencing hearing for Educational World may

no longer have utility. With that in mind, the Court **ORDERS** Defendant Educational World to inform the Court **within seven days** whether it intends to appear for sentencing in person or electronically.

## CONCLUSION

For the foregoing reasons, Defendants' Joint Consent Motion for Permission to Participate in the Sentencing Hearings by Electronic means, dkt. no. 494, is **DENIED** as to Defendant Khariton and **GRANTED** as to Defendant Educational World.

**SO ORDERED** this 13 day of June, 2023.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA